IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Dickinson Wright PLLC**, a Michigan professional limited liability company,<br><br>Plaintiff,<br><br>-vs-<br><br>**MCZ Development Corp.**, an Illinois corporation,<br>**Sheffield Development Partners, LLC**, is an Illinois limited liability company,<br>**Golden Canyon Partners, LLC**, a Nevada limited liability company, and<br>**Florence Development Partners, LLC**, is an Oklahoma limited liability company<br><br>Defendants. | Civil Action No.<br>Hon. |

## COMPLAINT

Plaintiff Dickinson Wright PLLC ("Dickinson Wright"), by its attorneys, for its Complaint against defendants MCZ Development Corporation ("MCZ"), Sheffield Development Partners, LLC, Golden Canyon Partners, LLC, and Florence Development Partners, LLC, allege as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for breach of contract or, alternatively quantum meruit. In December 2009, MCZ retained Dickinson Wright to provide advice and representation with respect to the development of an Indian gaming project in Broken Arrow, Oklahoma. A copy of the engagement letter is attached as Exhibit 1. Dickinson Wright attorneys performed the

1

requested services between 2009 and 2013. MCZ paid Dickinson Wright in part, but ceased all payments in January of 2012 while continuing to avail itself of the legal services of Dickinson Wright attorneys. Dickinson Wright withdrew from the representation and now brings this action to recover the outstanding balance of fees and costs in the amount of $315,089.25 plus interest thereon.

2. On September 6, 2013, Defendants filed a lawsuit (the "professional negligence case") in this Court against Dickinson Wright and one of its members, Dennis Whittlesley, alleging professional negligence arising from legal advice relating to the legal and regulatory requirements in connection with the development of the Broken Arrow gaming project. A copy of Defendants' complaint is attached as Exhibit 2.

3. Dickinson Wright filed a motion to dismiss on May 11, 2015. In a Memorandum Opinion and Order dated November 12, 2015, the Court granted the motion and dismissed the lawsuit with prejudice. A copy of the Memorandum Opinion and Order is attached as Exhibit 3. Defendants appealed the case to the Seventh Circuit.

## II. PARTIES

4. Dickinson Wright is a law firm operating as a Professional Limited Liability Company duly formed and existing under the laws of the State of Michigan. Dickinson Wright maintains offices in various states. Dickinson Wright does not have offices in Oklahoma, Illinois or Florida.

5. MCZ is a corporation formed under the laws of the State of Illinois with a principal place of business at 1636 N. Bosworth Ave., Ste. C-1, Chicago, Illinois 60642. MCZ conducts real estate development and investment in various jurisdictions. MCZ is a member of Golden Canyon Partners, LLC, a Nevada limited liability company, which is in turn a member of

Florence Development Partners LLC, an Oklahoma limited liability company in the business of developing and operating gaming facilities in Oklahoma.

6. Sheffield Development Partners, LLC ("Sheffield Development") is an Illinois limited liability company. Sheffield Development's members, James Haft and Michael Lerner, are citizens of Illinois. Sheffield Development is a citizen of Illinois pursuant to 28 U.S.C. §1332(c).

7. Sheffield Development is in the business of investing in and/or developing real estate and acting as a member of Golden Canyon Partners, LLC.

8. Golden Canyon Partners, LLC ("Golden Canyon") is a Nevada limited liability company. Golden Canyon's members are Sheffield Development and Obadiah Development Group, Inc. ("Obadiah"). Obadiah is a Florida corporation with its principal place of business in Florirda. Golden Canyon is a citizen of Illinois and Florida pursuant to 28 U.S.C. § 1332(c).

9. Golden Canyon is in the business of developing a certain tract of property in Oklahoma and pursuing gaming opportunities.

10. Florence Development Partners LLC ("Florence Development") is an Oklahoma limited liability company. Florence Development's members are Golden Canyon, Marcella Giles and Wynema Capps. Marcella Giles and Wynema Capps are both citizens of Oklahoma. Florence Development is a citizen of Illinois, Florida and Oklahoma pursuant to 28 U.S.C § 1332(c).

11. Florence Development is in the business of developing and operating gaming facilities in Oklahoma.

12. As alleged in the lawsuit filed by Defendants, between December 1, 2009 and September 21, 2011, the scope of Dickinson Wright's representation evolved to a point where it

agreed to and did provide legal services not only to MCZ, but also to Sheffield Development, Golden Canyon and Florence Development, regarding the gaming project.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §§1331 & 1332, as this action is between citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000.

14. Venue in this action is properly laid in this Court pursuant to 28 U.S.C. § 1391 because the underlying contract for legal services was formed in the Northern District of Illinois, the relevant legal advice was delivered in the Northern District of Illinois, decisions in reliance of the legal advice were made in the Northern District of Illinois, invoices for legal services were delivered in the Northern District of Illinois and damages were sustained in the Northern District of Illinois.

### IV. FACTUAL ALLEGATIONS

#### COUNT 1
#### (BREACH OF CONTRACT)

15. In 2009, MCZ from Dickinson Wright attorney Dennis Whittlesey sought advice regarding the proposed development of an Indian casino in Broken Arrow, Oklahoma through its interests in Florence Development Partners, LLC and in partnership with a federally recognized Indian tribe, the Alabama-Quassarte Tribal Town of Oklahoma. Over the course of the representation, MCZ ended its relationship with the Alabama-Quassarte Tribal Town and partnered with the Kialegee Tribal Town, another federally recognized Indian tribe in Oklahoma.

16. Dickinson Wright undertook the representation of MCZ on or about December 1, 2009 pursuant to the engagement letter, Exhibit 1. As stated in paragraph 12 above, the scope of

Dickinson Wright's representation expanded to include the other Defendants; although a new engagement letter was not executed. Defendants are hereinafter collectively referred to as "MCZ".

17. Dickinson Wright attorneys immediately began providing legal services and invoiced MCZ the same month. Dickinson Wright continued to invoice MCZ each month. MCZ submitted its first payment of $30,000 on April 29, 2010.

18. MCZ held out Dickinson Wright attorneys as its counsel and Dickinson Wright diligently performed requested legal services to the benefit of MCZ. The work requested by MCZ and performed by Dickinson Wright included, but was not limited to, the following:

   a. <u>Obtain approvals needed to conduct gaming</u>. Whittlesey advised MCZ regarding various approvals required for the conduct of Indian gaming pursuant to the Indian Gaming Regulatory Act of 1988, including obtaining a gaming license from the Tribe and attending meetings with federal officials at the National Indian Gaming Commission and United States Department of the Interior in Washington, D.C.

   b. <u>Review of Agreements</u>. Dickinson Wright attorneys reviewed and revised various documents and agreements between MCZ, other investors, and its tribal partners including leases, joint venture agreements, business entity formation documents, and other contracts related to the development of the proposed casino.

   c. <u>Preparation of Legal Opinions and Memoranda</u>. Dickinson Wright attorneys prepared a legal opinion letter as well as memoranda for MCZ regarding the various regulatory approvals and procedures required in order to conduct Indian gaming.

   d. <u>Litigation Counsel</u>. Whittlesey represented some of the defendants as lead counsel in federal court litigation filed by the State of Oklahoma against Florence Development Partners as well as the tribal and corporate officials of the Kialegee Tribal Town and its federally chartered corporation. Legal services provided by Whittlesey and Dickinson Wright included researching, drafting, filing and responding to motions and legal briefs, and traveling to Tulsa, Oklahoma to participate in court hearings.

19. From December 22, 2009 to September 10, 2013, Dickinson Wright sent monthly invoices to MCZ, each of which listed the total fees and contained detailed descriptions of the legal services performed by Dickinson Wright attorneys and the time spent on the tasks.

20. From the outset of the litigation, MCZ demonstrated a pattern of sporadic and partial payment of invoices timely submitted by Dickinson Wright.

21. Dickinson Wright repeatedly attempted to engage in good-faith negotiations with MCZ on outstanding balances. On December 17, 2010, in response to an objection by MCZ regarding the hours billed and to maintain an amicable working relationship with the client, Dickinson Wright agreed to a one-time write-down of $59,442.64 of fees due the firm in consideration for promises of prompt payment of all future invoices in full.

22. Subsequent to that agreement, MCZ made timely payments of invoices throughout 2011.

23. On February 8, 2012, the State of Oklahoma filed a lawsuit in the United States District Court for the Northern District of Oklahoma against the Kialegee Tribal Town, its officials, and Florence Development Partners challenging the authority of the Kialegee Tribal Town to develop the gaming project.

24. Dickinson Wright represented Florence Development Partners in the lawsuit, filed responsive pleadings and appeared in district court on its behalf.

25. On July 20, 2012, the Court entered an order enjoining the Tribe from conducting Class III gaming on the Broken Arrow property or proceeding with construction of the casino. *Oklahoma v. Hobia*, No. 12-CV-054-GKF-TLW, 2012 WL 2995044 (N.D. Okla. July 20, 2012). The Tribe immediately appealed the order to the Tenth Circuit Court of Appeals.

26. None of the invoices reflecting work done during the intensive federal district court litigation have been paid.

27. MCZ has made no payment since paying Dickinson Wright's January 2012 invoice in full.

28. In reliance on MCZ's representations and promises to pay, and in accordance with its professional obligations, Dickinson Wright continued to provide legal services to MCZ regarding the appeal of the district court injunction in the United States Court of Appeals for the 10th Circuit until March 2013.

29. On July 15, 2013, Whittlesey wrote a letter to MCZ proposing a payment plan including an immediate lump-sum payment and a monthly payment plan, as well as payments to expert witnesses retained for the litigation. Whittlesey stated that, absent such a payment arrangement, he would file a Motion to Withdraw from the ongoing federal litigation.

30. On September 6, 2013, MCZ filed the professional negligence case alleging that negligence in the provision of legal services provided by Dickinson Wright and Whittlesey caused MCZ to incur damages related to its investment in the gaming project which was delayed by the State of Oklahoma's opposition. MCZ made no allegation or claim of overbilling in its complaint against Dickinson Wright and Whittlesey. *MCZ Development Corp. et al v. Dickinson Wright, PLLC et al*, Case No. 1:13-cv-06395 (N.D.Ill. Sep. 6, 2013).

33. On November 27, 2013, Whittlesey and Dickinson Wright withdrew from the Tenth Circuit appeal.

34. On December 22, 2014, the Tenth Circuit reversed and remanded the District Court's order with instructions to vacate the preliminary injunction and to dismiss the State's complaint with prejudice. *Oklahoma v. Hobia*, 775 F.3d 1204 (10th Cir. 2014).

35. The outstanding balance owed for legal services provided by Dickinson Wright is $315,089.25 plus interest. See, attached as Exhibit 3, Affidavit of Scott Janssen.

36. Dickinson Wright has been injured and damaged as a result of Defendants breach of contract and failure to pay for the legal services rendered and the costs incurred on Defendants behalf.

## COUNT 2
### (QUANTUM MERUIT)

37. Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 36 as if fully set forth herein.

38. Defendants requested, accepted and benefitted from Dickinson Wright's legal services while failing to pay for those legal services. It would unjustly enrich Defendants for this Court to permit the acceptance of those legal services by Defendants without paying Dickinson Wright for the reasonable value of those services and all costs expended by Dickinson Wright on its behalf.

39. The reasonable value of the unpaid legal services rendered to Defendants is $315,089.25.

40. Dickinson Wright has been injured and damaged as a result of MCZ's failure to pay for the legal services rendered and costs incurred on MCZ's behalf.

## COUNT 3
### (ACCOUNT STATED)

41. Plaintiff repeats each of the preceding paragraphs as though restated herein.

42. Plaintiff set invoices to MCZ and MCZ received invoices without objecting.

43. Defendants have not paid the balance owing on the account, despite Plaintiff's repeated demands for payment.

8

44. Defendants are now justly indebted to Plaintiff in the amount of $315,089.25.

45. The Affidavit of Scott Janssen verifying the balance due on the account is attached as Exhibit 4, and a copy of the account itself is attached thereto.

### PLEA FOR RELIEF

WHEREFORE, Plaintiff, Dickinson Wright PLLC, demands that a judgment be entered in its favor and against MCZ Development Corporation:

    A. Awarding Dickinson Wright damages in the amount of $315,089.25 plus statutory pre- and post-judgment interest allowed by law; and

    B. Granting such further relief as is necessary and appropriate.

Dated: April 4, 2016

Respectfully Submitted,

By: /s/ Adam Grant

Adam D. Grant (ARDC #6298408)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
Tel: (313) 223-3500
Fax: (313) 223-3598
agrant@dickinsonwright.com

*Counsel for Plaintiff*

DC 99992-1 258346v7