**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DICKINSON WRIGHT, PLLC, | ) | |
| | ) | No. 16-CV-03969 |
| Plaintiff, | ) | |
| | ) | Hon. John Robert Blakely |
| vs. | ) | |
| | ) | |
| MCZ DEVELOPMENT CORP., | ) | |
| SHEFFIELD DEVELOPMENT PARTNERS, LLC, | ) | |
| GOLDEN CANYON PARTNERS, LLC, | ) | |
| FLORENCE DEVELOPMENT PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

NOW COME Defendants, MCZ Development Corporation ("MCZ") and Sheffield

Development Partners, LLC ("Sheffield"), Golden Canyon Partners, LLC ("Golden Canyon")

and Florence Development Partners, LLC ("Florence"), by and through their attorneys, Asperger

Associates LLC, and hereby respond to Plaintiff's Amended Complaint as follows:

## I.      PRELIMINARY STATEMENT

1.      This is an action for breach of contract or, alternatively, quantum meruit.  In

December 2009, MCZ retained Dickinson Wright to provide advice and representation with

respect to the development of an Indian gaming project in Broken Arrow, Oklahoma.  A copy of

the engagement letter is attached as Exhibit 1.  Dickinson Wright attorneys performed the

requested services between 2009 and 2013.  MCZ paid Dickinson Wright in part, but ceased all

payments in January of 2012 while continuing to avail itself of the legal services of Dickinson

Wright attorneys.  Dickinson Wright withdrew from the representation and now brings this

action to recover the outstanding balance of fees and costs in the amount of $315,089.25 plus

interest thereon.

**ANSWER**:    Defendants neither admit nor deny that Plaintiff's action is for breach of contract or, alternatively, quantum meruit but, rather, demand strict proof thereof.  The First Amended Complaint speaks for itself.   Defendants admit that MCZ retained Dickinson Wright in December 2009, and that the representation included the purpose of providing advice and representation with respect to the development of an Indian gaming project in Broken Arrow, Oklahoma.  Defendants admit that Exhibit 1 is a copy of an engagement letter prepared by Dickinson Wright, but deny that it was executed by Defendants.   Defendants admit that Dickinson Wright attorneys performed services between 2009 and 2013, but deny that all services are properly characterized as "requested" or for the benefit of MCZ or the other named Defendants.   Defendants deny that MCZ made payments to Dickinson Wright.   Defendants admit that Dickinson Wright  performed services after January 2012, but deny that MCZ continued to avail itself of Dickinson Wright's legal services.  Defendants admit that Dickinson Wright withdrew from the representation.  Defendants neither admit nor deny the purpose for which Dickinson Wright brings this action but, rather, demand strict proof thereof.  The First Amended Complaint speaks for itself.  Defendants deny the outstanding balance of fees and costs alleged, and deny that any interest is due.

2.      On September 6, 2013, Defendants filed a lawsuit (the "professional negligence case") in this Court against Dickinson Wright and one of its members, Dennis Whittlesey, alleging professional negligence arising from legal advice relating to the legal and regulatory requirements in connection with the development of the Broken Arrow gaming project.  A copy of Defendants' complaint is attached as Exhibit 2.

**ANSWER**:    Defendants admit they filed a lawsuit against Dickinson Wright and Dennis Whittlesey on September 6, 2013, and that a copy of that complaint is attached as Exhibit 2.

Defendants admit that the complaint includes allegations of "professional negligence arising from legal advice relating to the legal and regulatory requirements in connection with the development of the Broken Arrow gaming project," but deny that the complaint is limited to those allegations. The allegations of the September 6, 2013, speak for themselves.

3.      Dickinson Wright filed a motion to dismiss on May 11, 2015. In a Memorandum Opinion and Order dated November 12, 2015, the Court granted the motion and dismissed the lawsuit with prejudice. A copy of the Memorandum Opinion and Order is attached as Exhibit 3. Defendants appealed the case to the Seventh Circuit.

**ANSWER:**     Defendants admit the allegations in paragraph 3.

## II.      PARTIES

4.      Dickinson Wright is a law firm operating as a Professional Limited Liability Company duly formed and existing under the laws of the State of Michigan. Dickinson Wright maintains offices in various states. Dickinson Wright does not have offices in Oklahoma, Illinois or Florida.

**ANSWER:**     Based on information and belief, Defendants admit the allegations in paragraph 4.

5.      MCZ is a corporation formed under the laws of the State of Illinois with a principal place of business at 1636 N. Bosworth Ave., Ste. C-1, Chicago, Illinois 60642. MCZ conducts real estate development and investment in various jurisdictions. MCZ is a member of Golden Canyon Partners, LLC, a Nevada limited liability company, which is in turn a member of Florence Development Partners LLC, an Oklahoma limited liability company in the business of developing and operating gaming facilities in Oklahoma.

**ANSWER:**     Defendants deny that MCZ is a member of Golden Canyon Partners, LLC, and deny that Florence Development Partners is currently in the business of developing and

operating gaming facilities in Oklahoma, as its articles of incorporation have been cancelled. Defendants admit the remaining allegations in paragraph 5.

6.     Sheffield Development Partners, LLC ("Sheffield Development") is an Illinois limited liability company.  Sheffield Development's members, James Haft and Michael Lerner, are citizens of Illinois.  Sheffield Development is a citizen of Illinois pursuant to 28 U.S.C. § 1332(c).

**ANSWER:**     Defendants deny that Sheffield Development's members are James Haft and Michael Lerner.  Rather, its members are Jamie Lerner Trust and James G. Haft.  Defendants admit the allegations in paragraph 6.

7.     Sheffield Development is in the business of investing in and/or developing real estate and acting as a member of Golden Canyon Partners, LLC.

**ANSWER:**     Defendants admit the allegations in paragraph 7.

8.     Golden Canyon Partners, LLC ("Golden Canyon") is a Nevada limited liability company.  Golden Canyon's members are Sheffield Development and Obadiah Development Group, Inc. ("Obadiah").  Obadiah is a Florida corporation with its principal place of business in Florida.  Golden Canyon is a citizen of Illinois and Florida pursuant to 28 U.S.C. § 1332(c).

**ANSWER:**     Defendants admit that Golden Canyon was formed as a Nevada Limited Liability Company.  Answering further, Defendants deny that Golden Canyon continues to operate as a Nevada limited liability company.  Golden Canyon's charter has been revoked.  Defendants admit that prior to revocation, Golden Canyon's members were Sheffield Development and Obadiah.  Defendants deny that these entities are still deemed "members" under the applicable law after the revocation of the charter.

9.      Golden Canyon is in the business of developing a certain tract of property in Oklahoma and pursuing gaming opportunities.

**ANSWER:**   Defendants deny the allegations in paragraph 9, as Golden Canyon's charter has been revoked.

10.      Florence Development Partners LLC ("Florence Development") is an Oklahoma limited liability company.   Florence Development's members are Golden Canyon, Marcella Giles and Wynema Capps.   Marcella Giles and Wynema Capps are both citizens of Oklahoma. Florence Development is a citizen of Illinois, Florida and Oklahoma pursuant to 28 U.S.C. § 1332(c).

**ANSWER:**   Defendants admit that Florence Development was formed as an Oklahoma limited liability company.   Answering further, Defendants deny that Florence Development continues to operate as an Oklahoma limited liability company.   Florence Development's articles of incorporation have been cancelled.   Defendants admit that prior to cancellation, Florence Development's members were Golden Canyon, Marcella Giles and Wynema Capps.   Defendants deny that these individuals and entities are still deemed "members" after the cancellation of the articles.

11.      Florence Development is in the business of developing and operating gaming facilities in Oklahoma.

**ANSWER:**   Defendants deny the allegations in paragraph 11, as Florence Development's articles of incorporation have been cancelled.

12.      As alleged in the lawsuit filed by Defendants, between December 1, 2009 and September 21, 2011, the scope of Dickinson Wright's representation evolved to a point where it

agreed to and did provide legal services not only to MCZ, but also to Sheffield Development, Golden Canyon and Florence Development, regarding the gaming project.

**ANSWER:**     Defendants admit the allegations in paragraph 12.

### III.     JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §§1331 & 1332, as this action is between citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000. The equity members of Dickinson Wright are citizens of Michigan, Arizona, Tennessee, Ohio, Maryland, Nevada, Virginia, Kentucky and Washington, D.C.  Each member of Dickinson Wright is listed in the Attached Exhibit 5.  None of the defendants are citizens of those States or Washington, D.C.

**ANSWER**:     Defendants admit that this Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §§1331 & 1332.  While Defendants deny Dickinson Wright's right to a recovery in this matter, Defendants admit that the First Amended Complaint alleges damages exceeding $75,000.  Defendants have no basis on which to deny that the citizenship of Dickinson Wright's members are other than as alleged in the First Amended Complaint, or that diversity jurisdiction exists.

14.     Venue in this action is properly laid in this Court pursuant to 28 U.S.C. § 1391 because the underlying contract for legal services was formed in the Northern District of Illinois, the relevant legal advice was delivered in the Northern District of Illinois, decisions in reliance of the legal advice were made in the Northern District of Illinois, invoices for legal services were delivered in the Northern District of Illinois and damages were sustained in the Northern District of Illinois.

**ANSWER**: Defendants admit the allegations in paragraph 14.

## IV.  FACTUAL ALLEGATIONS

### COUNT I

### (BREACH OF CONTRACT)

15.     In 2009, MCZ from Dickinson Wright attorney Dennis Whittlesey sought advice regarding the proposed development of an Indian casino in Broken Arrow, Oklahoma through its interest in Florence Development Partners, LLC and in partnership with a federally recognized Indian tribe, the Alabama-Quassarte Tribal Town of Oklahoma.  Over the course of the representation, MCZ ended its relationship with the Alabama-Quassarte Tribal Town and partnered with the Kialegee Tribal Town, another federally recognized Indian tribe in Oklahoma.

**ANSWER**:     Defendants admit that in 2009 MCZ sought advice from Dickinson Wright attorney Dennis Whittlesey.  Defendants deny the remaining allegations.

16.     Dickinson Wright undertook the representation of MCZ on or about December 1, 2009 pursuant to the engagement letter, Exhibit 1.  As stated in paragraph 12 above, the scope of Dickinson Wright's representation expanded to include the other Defendants; although a new engagement letter was not executed.  Defendants are hereinafter collectively referred to as "MCZ".

**ANSWER**:     Defendants admit that the representation of MCZ began on or about December 1, 2009, but deny that it continued as alleged by Plaintiff throughout its First Amended Complaint. Defendants admit that Exhibit 1 is the engagement letter that was drafted by Plaintiff. Defendants deny that Exhibit 1 constitutes a written contract, as it was not executed by Defendants.  Defendants admit the allegations adopted from paragraph 12.  Defendants admit that a new engagement letter was not executed.  Defendants object to Plaintiff collectively

referring to Defendants as "MCZ," as it is misleading. MCZ ceased being a client of Dickinson Wright prior to the end of the engagement.

17. Dickinson Wright attorneys immediately began providing legal services and invoiced MCZ the same month. Dickinson Wright continued to invoice MCZ each month. MCZ submitted its first payment of $30,000 on April 29, 2010.

**ANSWER**: Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading. MCZ ceased being a client of Dickinson Wright prior to the end of the engagement. Defendants cannot reasonably admit or deny the first two sentences of this allegation as they are ambiguous as to the meaning "immediately" and "the same month." Defendants admit that Dickinson Wright invoiced one of the Defendants on an approximate monthly basis, and that a $30,000 payment was submitted by one of the Defendants on or around April 29, 2010.

18. MCZ held out Dickinson Wright attorneys as its counsel and Dickinson Wright diligently performed requested legal services to the benefit of MCZ. The work requested by MCZ and performed by Dickinson Wright included, but was not limited to, the following:

a. <u>Obtain approvals needed to conduct gaming</u>. Whittlesey advised MCZ regarding various approvals required for the conduct of Indian gaming pursuant to the Indian Gaming Regulatory Act of 1988, including obtaining a gaming license from the Tribe and attending meetings with federal officials at the National Indian Gaming Commission and United States Department of the Interior in Washington, D.C.

b. <u>Review of Agreements</u>. Dickinson Wright attorneys reviewed and revised various documents and agreements between MCZ, other investors, and its tribal partners including leases, joint venture agreements, business entity formation documents, and other contracts related to the development of the proposed casino.

c. <u>Preparation of Legal Opinions and Memoranda</u>. Dickinson Wright attorneys prepared a legal opinion letter as well as memoranda for MCZ regarding the various regulatory approvals and procedures required in order to conduct Indian gaming.

    d. <u>Litigation Counsel</u>. Whittlesey represented some of the defendants as lead counsel in federal court litigation filed by the State of Oklahoma against Florence Development Partners as well as the tribal and corporate officials of the Kialegee Tribal Town and its federally chartered corporation. Legal services provided by Whittlesey and Dickinson Wright included researching, drafting, filing and responding to motions and legal briefs, and traveling to Tulsa, Oklahoma to participate in court hearings.

ANSWER:  Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading. MCZ ceased being a client of Dickinson Wright prior to the end of the engagement. Defendants admit that some of the Defendants held out Dickinson Wright attorneys as its counsel and Dickinson Wright performed certain requested legal services on behalf of some of the Defendants. Defendants deny that Dickinson Wright performed all of the work requested, deny that all of the work performed was in fact requested, deny that all of the work was to the benefit of the Defendants, and deny that Dickinson Wright performed its work diligently.

   With respect to subpart (a), the heading "Obtain approvals needed to conduct gaming" is an incomplete allegation and is incapable of being admitted or denied and, on that basis, is denied. The content of subpart (a), as written, is incomprehensible, particularly the phrase "required for the conduct of Indian gaming." As such, the allegation is incapable of being admitted or denied and, on that basis, is denied.

   With respect to subpart (b), the heading "Review of Agreements" is an incomplete allegation and is incapable of being admitted or denied and, on that basis, is denied. With respect to the content of subpart (b), Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading. MCZ ceased being a client of Dickinson Wright prior to the end of the engagement. Defendants only admit with respect to some, but not all, of the Defendants.

With respect to subpart (c), the heading "Preparation of Legal Opinions and Memoranda" is an incomplete allegation and is incapable of being admitted or denied and, on that basis, is denied. With respect to the content of subpart (c), Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading. MCZ ceased being a client of Dickinson Wright prior to the end of the engagement. Defendants only admit that Dickinson Wright's attorneys prepared a legal opinion letter and memoranda for some, but not all, of the Defendants, which included reference to certain regulatory issues and procedures. Defendants deny that Dickinson Wright provided accurate, complete, or proper opinions and advice on these matters.

With respect to subpart (d), the heading "Litigation Counsel" is an incomplete allegation and is incapable of being admitted or denied and, on that basis, is denied. With respect to the content of subpart (d), Defendants admit that Whittlesey represented some of the defendants as lead counsel in the federal court litigation filed by the State of Oklahoma against Florence Development Partners as well as the tribal and corporate officials of Kialegee Tribal Town and its federally chartered corporation. Defendants admit that Whittlesey and Dickinson Wright provided legal services, but deny the extent to which such services were necessary, reasonable or actually performed as alleged by Dickinson Wright. Defendants deny that "traveling to Tulsa, Oklahoma" constitutes legal services.

19. From December 22, 2009 to September 10, 2013, Dickinson Wright sent monthly invoices to MCZ, each of which listed the total fees and contained detailed descriptions of the legal services performed by Dickinson Wright attorneys and the time spent on the tasks.

ANSWER: Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading. MCZ ceased being a client of Dickinson Wright prior to the end of the engagement. Defendants admit that Dickinson Wright provided invoices to one of the

Defendants, but deny the frequency of which they were provided. Defendants admit that the invoices listed fees and descriptions of legal services, but deny that they accurately reflect actual services performed and the actual time spent on services. Defendants also deny that all of the claimed services, and the time purportedly spent, were reasonable and necessary.          20.

From the outset of the litigation, MCZ demonstrated a pattern of sporadic and partial payment of invoices timely submitted by Dickinson Wright.

ANSWER:     Defendants deny.

21.     Dickinson Wright repeatedly attempted to engage in good-faith negotiations with MCZ on outstanding balances. On December 17, 2010, in response to an objection by MCZ regarding the hours billed and to maintain an amicable working relationship with the client, Dickinson Wright agreed to a one-time write-down of $59,442.64 of fees due the firm in consideration of promises of prompt payment of all future invoices in full.

ANSWER:     Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading. MCZ ceased being a client of Dickinson Wright prior to the end of the engagement. Defendants deny that Dickinson Wright repeatedly attempted to engage in good-faith negotiations with Defendants on outstanding balances. Defendants admit that Dickinson Wright reduced its bill based on an objection by the Defendants, but deny that it was "to maintain an amicable working relationship with the client," deny that it was "a one-time write-down," and deny that the reduced claimed fees were actually "due the firm," and deny that the reduction was "in consideration of promises of prompt payment of all future invoices in full." Dickinson Wright reduced the bill because the Defendants complained about Dickinson Wright's overbilling, which was an ongoing occurrence.

22.     Subsequent to that agreement, MCZ made timely payments of invoices throughout 2011.

ANSWER:     Defendants deny that Dickinson Wright's reduction of its claimed fee was pursuant to an "agreement" as alleged in paragraph 21.  Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading.  MCZ ceased being a client of Dickinson Wright prior to the end of the engagement.  Defendants only admit that Sheffield or Golden Canyon made timely payments of invoices subsequent to Dickinson Wright's reduction of its claimed fee.

23.     On February 8, 2012, the State of Oklahoma filed a lawsuit in the United States District Court for the Northern District of Oklahoma against the Kialegee Tribal Town, its officials, and Florence Development Partners challenging the authority of the Kialegee Tribal Town to develop the gaming project.

ANSWER:     Defendants admit that on February 8, 2012, the State of Oklahoma filed a lawsuit against the Kialegee Tribal Town, its officials, and Florence Development Partners.  The complaint filed by the State of Oklahoma is of public record and speaks for itself.  Defendants admit Dickinson Wright's characterization of the State of Oklahoma's challenge only to the extent that it is consistent with the complaint.

24.     Dickinson Wright represented Florence Development Partners in the lawsuit, filed responsive pleadings and appeared in district court on its behalf.

ANSWER:     Defendants admit.

25.     On July 20, 2012, the Court entered an order enjoining the Tribe from conducting Class III gaming on the Broken Arrow property or proceeding with construction of the casino.

*Oklahoma v. Hobia*, No. 12-CV-054-GKF-TLW, 2012 WL 2995044 (N.D. Okla. July 20, 2012). The Tribe immediately appealed the order to the Tenth Circuit Court of Appeals.

ANSWER:     Defendants admit.

26.     None of the invoices reflecting work done during the intensive federal district court litigation have been paid.

ANSWER:     Dickinson Wright has failed to specify which specific invoices it claims were not paid.  Without such information, Defendants lack sufficient information to admit or deny this allegation.  Answering further, Defendants deny Dickinson Wright's characterization of the litigation as intensive.  Defendants deny that Dickinson Wright's invoices accurately reflect actual services performed and the actual time spent on services.  Defendants also deny that all of the claimed services, and the time purportedly spent, were reasonable and necessary.

27.     MCZ has made no payment since paying Dickinson Wright's January 2012 invoice in full.

ANSWER:     Defendants admit.

28.     In reliance on MCZ's representations and promises to pay, and in accordance with its professional obligations, Dickinson Wright continued to provide legal services to MCZ regarding the appeal to the district court injunction in the United States Court of Appeals for the 10th Circuit until March 2013.

ANSWER:     Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading.  MCZ ceased being a client of Dickinson Wright prior to the end of the engagement.  Defendants only admit that Dickinson Wright performed legal services for some of the Defendants with respect to the appeal.  Defendants deny all remaining allegations and assertions.

13

29.     On July 15, 2013, Whittlesey wrote a letter to MCZ proposing a payment plan including an immediate lump sum payment and a monthly payment plan, as well as payments to expert witnesses retained for the litigation.   Whittlesey stated that, absent such a payment arrangement, he would file a Motion to Withdraw from the ongoing federal litigation.

ANSWER:     Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading.   MCZ ceased being a client of Dickinson Wright prior to the end of the engagement.   Defendants admit that Whittlesey wrote a letter.   The letter speaks for itself. Defendants only admit to Dickinson Wright's allegations regarding the letter to the extent they are consistent with the contents of the letter.

30.     On September 6, 2013, MCZ filed the professional negligence case alleging that negligence in the provision of legal services provided by Dickinson Wright and Whittlesey caused MCZ to incur damages related to its investment in the gaming project which was delayed by the State of Oklahoma's opposition.   MCZ made no allegation or claim of overbilling in its complaint against Dickinson Wright and Whittlesey. *MCZ Development Corp., et al. v. Dickinson Wright, PLLC, et al.*, Case No. 1:13-cv-06395 (N.D. Ill. Sep. 6, 2013).

ANSWER:     Defendants admit that they filed the professional negligence case against Dickinson Wright and Whittlesey.   Defendants admit that the complaint alleges negligence on behalf of Dickinson Wright and Whittlesey, and that the negligence caused the Defendants to incur damages.   Defendants deny that the complaint only asserts negligence with respect to the State of Oklahoma's opposition.   Defendants deny that the damages claimed only pertain to the State of Oklahoma's opposition.   Defendants deny that the gaming project is merely "delayed." Defendants deny that their current inability to proceed with the project pertains to the State of Oklahoma's opposition.   Rather, the complaint speaks for itself, and arguments regarding the

contents of the complaint and the allegations set forth therein have been fully briefed and are currently on appeal before the Seventh Circuit Court of Appeals. Defendants admit that they did not make an allegation or claim of overbilling in its complaint against Dickinson Wright and Whittlesey, but assert here that overbilling did occur.

31.     [The First Amended Complaint does not contain a paragraph 31]

32.     [The First Amended Complaint does not contain a paragraph 32]

33.     On November 27, 2013, Whittlesey and Dickinson Wright withdrew from the Tenth Circuit appeal.

ANSWER:     Defendants admit.

34.     On December 22, 2014, the Tenth Circuit reversed and remanded the District Court's order with instructions to vacate the preliminary injunction and to dismiss the State's complaint with prejudice. *Oklahoma v. Hobia*, 775 F.3d 1204 (10th Cir. 2014).

ANSWER:     Defendants admit.

35.     The outstanding balance owed for legal services provided by Dickinson Wright is $315,089.25 plus interest. See, attached as Exhibit 3, Affidavit of Scott Janssen.

ANSWER:     Defendants deny.

36.     Dickinson Wright has been injured and damaged as a result of Defendants' breach of contract and failure to pay for the legal services rendered and the costs incurred on Defendants' behalf.

ANSWER:     Defendants deny all allegations, including that they breached a contract and that Dickinson Wright has been injured and damaged.

## **COUNT 2**
### **(QUANTUM MERUIT)**

37.     Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 36 as if fully set forth herein.

ANSWER:     Defendants repeat and reassert each response to paragraphs 1 through 36 as if fully set forth herein.

38.     Defendants requested, accepted and benefitted from Dickinson Wright's legal services while failing to pay for those legal services.  It would unjustly enrich Defendants for this Court to permit the acceptance of those legal services by Defendants without paying Dickinson Wright for the reasonable value of those services and all costs expended by Dickinson Wright on its behalf.

ANSWER:     Defendants only admit that one or more of them requested certain legal services and accepted certain legal services.  Defendants deny that Dickinson Wright competently performed the services requested, and deny that all of the services performed by Dickinson Wright were in fact requested.  Defendants deny the remaining allegations and assertions.

39.     The reasonable value of the unpaid legal services rendered to Defendants is $315,089.25.

ANSWER:     Defendants deny.

40.     Dickinson Wright has been injured and damaged as a result of MCZ's failure to pay for the legal services rendered and costs incurred on MCZ's behalf.

ANSWER:     Defendants deny.

### COUNT 3
### (ACCOUNT STATED)

41.     Plaintiff repeats each of the preceding paragraphs as though restated herein.

ANSWER:     Defendants repeat each of the preceding responses as though restated herein.

42.     Plaintiff sent invoices to MCZ and MCZ received invoices without objecting.

16

ANSWER:    Defendants object to Plaintiff collectively referring to Defendants as "MCZ," as it is misleading.   MCZ ceased being a client of Dickinson Wright prior to the end of the engagement.   Defendants admit that Plaintiff sent invoices to one of the Defendants, but deny that the Defendants received invoices without objecting.

43.    Defendants have not been paid the balance owing on the account, despite Plaintiff's repeated demands for payment.

ANSWER:    Defendants deny the allegations, and deny that a balance is owing on the account.

44.    Defendants are now justly indebted to Plaintiff in the amount of $315,089.25.

ANSWER:    Defendants deny.

45.    The Affidavit of Scott Janssen verifying the balance due on the account is attached as Exhibit 4, and a copy of the account itself is attached thereto.

ANSWER:    Defendants deny that any amount is due and deny that the Affidavit and account accurately reflect any amount due.

WHEREFORE, Defendants, MCZ Development Corp., Sheffield Development Partners, LLC, Golden Canyon Partners, LLC, and Florence Development Partners, LLC, request that Plaintiff's prayer for relief be denied.

## AFFIRMATIVE DEFENSES

For their separate affirmative defenses to the First Amended Complaint, MCZ Development Corp., Sheffield Development Partners, LLC, Golden Canyon Partners, LLC, and Florence Development Partners, LLC, state as follows:

1.    Plaintiff alleges a breach of contract by Defendants, but Plaintiff failed to attach to the First Amended Complaint a fully executed written contract.

2.      Plaintiff's claim, in whole or in part, is barred by the applicable statute of limitations.

3.      Plaintiff's claim, in whole or in part, is barred by the doctrine of laches.

4.      Plaintiff's claim, in whole or in part, is barred by the doctrine of waiver.

5.      Plaintiff's claim, in whole or in part, is barred by the doctrine of estoppel.

6.      Plaintiff's claim, in whole or in part, is barred by the doctrine of unclean hands.

7.      Plaintiff's claimed unpaid invoices include charges for services that were not performed, were not requested by Defendants, were not authorized by Defendants, were not necessary to the representation of Defendants, and/or were not reasonable with respect to the time allocated to the services or the amounts charged.

8.      Plaintiff is not entitled to a recovery in this case, as during the course of the engagement, Plaintiff and its members, employees and/or agents, committed legal malpractice which caused Defendants to suffer damages which significantly exceed the amount of Plaintiff's claim.

9.      While liability is denied, if Defendants are deemed liable, they are entitled to a set-off against any damages awarded Plaintiff in an amount equal to the damages Defendants sustained as a result of Plaintiff's malpractice.

Dated: July 18, 2016                                    Respectfully submitted,


                                 By:    /s/ Jeffrey J. Asperger

                                           Jeffrey J. Asperger
                                           jasperger@asplaw.net
                                           ASPERGER ASSOCIATES LLC
                                           180 North Stetson, Suite 3050
                                           Chicago, IL 60601
                                           Tel: (312) 856-9901
                                           Fax: (312) 856-9905

                                           *Counsel for:*
                                           *MCZ Development Corp.*
                                           *Sheffield Development Partners, LLC*
                                           *Golden Canyon Partners, LLC*
                                           *Florence Development Partners, LLC*

## <u>CERTIFICATE OF SERVICE</u>

As an attorney of record in this matter, I hereby certify that on July 18, 2016, I caused a copy of the foregoing to be filed with the Court's CM/ECF system, which provides service via electronic mail on the following counsel of record:

Anne Paffrath Ray
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
312 840 7200
Email: aray@jenner.com

Adam Daniel Grant
Dickinson Wright Pllc
500 Woodward Ave.
Suite 4000
Detroit, MI 48226
(313) 223-3500
Email: agrant@dickinsonwright.com

/s/ Jeffrey J. Asperger